UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GALO GARCIA,                                        :
                                                                          01 Cr. 945
                                                    :    04 Civ. 6020 (RMB) (GWG)

               Petitioner,
  -v.-                                              :    REPORT AND
                                                                     RECOMMENDATION
UNITED STATES OF AMERICA,            :

                                                    :
               Respondent.
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

     Galo Garcia, appearing pro se, brings this petition for writ of habeas corpus under 28 U.S.C. § 2255. Garcia pled guilty to one count of conspiracy to distribute and possess with intent to distribute heroin and was sentenced to 135 months of incarceration. He argues that he was denied effective assistance of counsel and improperly sentenced. For the reasons stated below, Garcia's petition should be denied.

I.     BACKGROUND

     A.     Plea Agreement

     Garcia was indicted for conspiracy to distribute heroin in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A), and possession of a weapon in violation of 18 U.S.C. § 924(c). See Presentence Investigation Report, dated June 18, 2003 ("PSR") (annexed as Ex. C to Affirmation of Edward C. O'Callaghan, filed Oct. 15, 2007 (Docket # 236) ("O'Callaghan Aff.")), at 2; see also Indictment, filed Oct. 4, 2001 (Docket # 34 in 01 Cr. 945). On February 21, 2003, Garcia signed a plea agreement with the Government. See Letter to Thomas H. Nooter, dated Feb. 21, 2003 (annexed as Ex. B to O'Callaghan Aff.) ("Pl. Ag."). The plea agreement stipulated that upon Garcia's plea of guilty to conspiracy to distribute heroin, the United States Sentencing

Commission Guidelines Manual ("Sentencing Guidelines") would call for an offense level of 33 and a sentencing range of 135 to 168 months. See Pl. Ag. at 2-3. The Agreement further noted that the charge to which Garcia was pleading carried a mandatory minimum term of 120 months' imprisonment. Id. at 3. In exchange for his plea, the Government agreed to dismiss any open counts against Garcia. Id. at 1.

The agreement provided that Garcia would not "file a direct appeal from, nor otherwise litigate under Title 28, United States Code, Section 2255 and/or 2241, any sentence within or below the Stipulated Sentencing Guidelines Range of 135 to 168 months." Id. at 4.

### B. Plea Allocution

On March 21, 2003, Garcia entered a guilty plea before Judge Richard M. Berman. See Plea Transcript, dated Mar. 21, 2003 (annexed as Ex. A to O'Callaghan Aff.) ("Pl. Tr."). Garcia's attorney, Thomas H. Nooter, stated that he had reviewed the plea agreement with Garcia. Id. at 3-4. Nooter also reviewed with Garcia a document provided by the Court, entitled a "notification of rights," that informed Garcia of the implications of entering a plea. Id. at 4-5.[1]

During the plea allocution, Judge Berman determined that Garcia was competent to enter an informed plea and that he understood the rights he was waiving by entering a plea of guilty. Id. at 14-17. Garcia confirmed that he had reviewed the indictment containing the charge against him, id. at 18; understood the charge against him, id.; discussed all aspects of his case with his attorney, id. at 13-14; and was satisfied with his attorney's representation, id. at 14, 18.

Garcia acknowledged that he understood that if he did not plead guilty and instead went to trial, any trial would be held before a jury that would have to agree unanimously that he was

---

[1] The document has not been made part of the record on this motion.

guilty. Id. at 15. Garcia confirmed that he was giving up his right to a trial. Id. at 17. He also confirmed that he had discussed with his attorney "how the sentencing guidelines might be applied," id. at 33, and that he understood that his sentence would be determined solely by Judge Berman, id. at 28.

Judge Berman reminded Garcia that his plea agreement "waives your appeal rights in the event that you are sentenced to within or below what's called the stipulated guideline range of 135 to 168 months." Id. at 30-31. Garcia confirmed that he understood and agreed to this provision. Id. at 31.

C.  Sentencing

On July 7, 2003, Garcia appeared before Judge Berman for sentencing. See Sentencing Transcript, dated July 7, 2003 (annexed as Ex. D to O'Callaghan Aff.) ("S. Tr."). Judge Berman sentenced Garcia to 135 months in prison. Id. at 8. Judge Berman advised Garcia that "[t]o the extent [that he had] not already waived [his] appeal rights . . . [he had] the right to apply for leave to appeal." Id. at 11. Judge Berman also reminded Garcia that he agreed not to appeal a 135 month sentence. Id. A judgment of conviction was entered on July 9, 2003. See Judgment in a Criminal Case, dated July 9, 2003 (annexed as Ex. E to O'Callaghan Aff.). Garcia did not file a notice of appeal.

D.  The Instant Petition

Garcia's petition is dated July 6, 2004. See Petition, filed Aug. 4, 2004 (Docket # 1 in 04 Civ. 6020) ("Petition"). The substantive portion of the petition consists, in its entirety, of the following paragraphs:

> Ground One: Denial of Effective Assistance of Counsel. Counsel's Failure to File Appeal Notice. At sentencing I was informed by the Judge that I could appeal my

3

sentence. I instructed counsel to file an appeal. He promised he would but instead abandoned my appeal process.

Ground Two: Denied Sixth Amendment Right to Jury Trial. (Erroneous Enhancements.) During my guilty plea I was not informed that I had a right to a jury trial for the gun enhancement. A two level upward departure was given. This is a violation under Blakely v. Washington 02-1632 (2004).

Petition at 5.

This petition was referred to the undersigned on June 15, 2007, whereupon the Government was ordered to file a response. The Government's response was filed on October 15, 2007. See Government's Memorandum of Law in Opposition to Petitioner's Motion Pursuant to 28 U.S.C. § 2255, filed Oct. 15, 2007 (Docket # 235 in 01 Cr. 945); O'Callaghan Aff. Garcia did not file any further papers.

II. APPLICABLE LAW

    A. Law Governing Review of Section 2255 Petitions

Section 2255(a) of Title 28 of the United States Code provides:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Relief under this statute is available only "for constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (internal quotation marks and citations omitted).

B.   Law Governing Effect of Waivers of Appeal in Plea Agreements

Generally, a knowing and voluntary waiver of the right to file a motion under 28 U.S.C. § 2255 is enforceable. See United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004); Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir. 2001) (enforcing waiver of appeal and collateral attack in plea agreement because defendant entered into the plea knowingly and voluntarily); accord Pena v. United States, 201 F. Supp. 2d 231, 233-35 (S.D.N.Y. 2002). As noted in United States v. Rosa, 123 F.3d 94 (2d Cir. 1997), a plea agreement is valuable to both defendants and the Government: it gives the defendant "reasonable certainty as to the extent of his liability and punishment," while the Government avoids the expense and uncertainty of future litigation. Id. at 97.

To preserve the value of plea agreements, the Second Circuit has held – in the context of the waiver of a right to appeal – that:

> [i]n no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless.

United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir.) (per curiam), cert. denied, 509 U.S. 931 (1993). The same principle applies to a waiver of a right to file a section 2255 petition. See, e.g., Garcia-Santos, 273 F.3d at 509; Flores v. United States, 2007 WL 766308, at *3 (S.D.N.Y. Mar. 14, 2007). A waiver may be set aside only in limited situations. See, e.g., United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000) (waiver of appellate rights may be set aside where "not knowing[], voluntar[y], or competent[]"; where a "sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases"; where,

5

"the Government breached the plea agreement"; or where "the sentencing court failed to enunciate any rationale for the defendant's sentence") (citations omitted).

III. DISCUSSION

    A. Claim Regarding Jury Trial

Garcia claims that he "was not informed that [he] had a right to a jury trial for the gun enhancement" – apparently referring to the two-level increase in his offense level under the Sentencing Guidelines based on his possession of a firearm as part of the drug conspiracy. PSR at 18; Pl. Ag. at 2. He asserts that the enhancement of the sentence in this fashion was improper under Blakely v. Washington, 542 U.S. 296 (2004), decided in the year following his plea and sentence. Because Garcia is proceeding pro se, we will construe his "submissions to raise the strongest arguments they suggest." Berlin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) (internal quotation marks and citation omitted). For this claim, we assume that Garcia is suggesting that his agreement to plead guilty was not knowing and intelligent because he was not told that he had a right to a jury trial for this enhancement. Thus, Garcia raises one of the limited situations in which waiver of appeal – or, here, of habeas corpus remedies – in a plea agreement may be set aside. See United States v. Roque, 421 F.3d 118, 121-22 (2d Cir. 2005) (waiver of appellate rights in a plea agreement "does not . . . act as a waiver against an appeal on the basis that the plea itself, including the waiver, was not intelligent or voluntary") (citing Gomez-Perez, 215 F.3d at 319), cert. denied, 546 U.S. 1120 (2006).

Garcia's claim fails, however, because he in fact he did not have a right to a jury trial with respect to the gun possession enhancement at the time of his sentence. Under the law in effect prior to Blakely, facts that did not increase a defendant's sentence beyond the statutory

6

maximum did not have to be found by a jury. United States v. Penaranda, 375 F.3d 238, 243 (2d Cir. 2004); accord Garcia v. United States, 2007 WL 4615468, at *1 (S.D.N.Y. Dec. 28, 2007). Here, Garcia pled guilty to an offense that carries a maximum sentence of life imprisonment, see 21 U.S.C. § 841(b)(1)(A)(i), and he was sentenced to 135 months imprisonment. Thus, he was correctly sentenced in accordance with the law at the time of his plea.

The Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), which applied the Blakely holding to the Federal Sentencing Guidelines, does not alter this outcome because – putting aside the fact that his plea was "knowing and intelligent" at the time it occurred – the Second Circuit has held that "Booker is not retroactive . . . [and] does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005." Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005); accord Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007). Here, Garcia signed his plea agreement on March 21, 2003, Pl. Ag. at 6, and was sentenced on July 7, 2003, see S. Tr.

In sum, Garcia was correctly informed he did not have a right to a jury trial for the gun enhancement to the calculation of his sentence under the Sentencing Guidelines and thus he has not shown that his plea was not knowing or intelligent.

B. Claim Regarding Failure to Appeal

Garcia's claim that Nooter failed to file a notice of appeal in the face of Garcia's express direction to do so would, if true, constitute ineffective assistance of counsel. See, e.g., Fernandez v. United States, 146 F.3d 148, 149 (2d Cir. 1998) (per curiam) (ineffective assistance shown where counsel "ignor[ed] a defendant's explicit direction to file an appeal"); accord Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). While claims of ineffective assistance of counsel

7

are normally barred by a waiver of collateral attack in a plea agreement, such a waiver does not bar a claim of ineffective assistance of counsel based on the failure to file a notice of appeal. See, e.g., Riggi v. United States, 2007 WL 2245595, at *7 (S.D.N.Y. Aug. 06, 2007); cf. Campusano v. United States, 442 F.3d 770, 775 (2d Cir. 2006) (claim of ineffective assistance based on failure to file a notice of appeal unaffected by plea agreement waiving right to appeal). Accordingly, we consider the claim on the merits.

Nooter has submitted an affidavit countering Garcia's assertion regarding his purported request to file a notice of appeal. See Affidavit of Thomas H. Nooter, dated Oct. 15, 2007 (annexed as Ex. F to O'Callaghan Aff.) ("Nooter Aff."). To decide the mechanism for resolving the factual question of whether such a request was made, we turn first to the text of section 2255, which provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

Because Garcia's petition does not allow us to "conclusively" determine the question of whether he sought to have a notice of appeal filed, the statute directs that a "hearing" be held. It does not, however, explain the nature of such a "hearing." In Chang v. United States, 250 F.3d 79 (2d Cir. 2001), the Second Circuit held that the reference in the statute to notice given to "the United States attorney" only – that is, without mentioning the petitioner – reflects that "'there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner.'" Id. at 85 (quoting Machibroda v. United States, 368 U.S. 487, 495 (1962)); see 28 U.S.C. § 2255(c) ("A court may entertain and determine such motion

8

without requiring the production of the prisoner at the hearing."). Thus, Chang held that, depending on the allegations in the petition, a "court may use methods under Section 2255 to expand the record without conducting a full-blown testimonial hearing." Chang, 250 F.3d at 86 (citing Blackledge v. Allison, 431 U.S. 63, 81-82 (1977)). Potential methods available to a court to supplement the record include "'letters, documentary evidence, and, in an appropriate case, even affidavits.'" Id. (quoting Raines v. United States, 423 F.2d 526, 529-30 (4th Cir. 1970)).

In this case, Nooter has submitted an affidavit on the issue of whether Garcia requested that he file a notice of appeal. See Nooter Aff. In that affidavit, Nooter states:

> On October 15, 2007, I reviewed relevant portions of my United States v. Galo Garcia, Jr., 01 Cr. 945 (RMB) case file. Based on my review of those materials, and my independent memory of the case, I can say with full confidence that I have no recollection of Mr. Garcia ever directing me or asking me to file an appeal on his behalf. In addition, I have no written request from him in my case file where it would normally be if I had received it.

Nooter Aff. ¶ 2.

In Chang, the Second Circuit held that, where a petitioner and his counsel submitted conflicting affidavits on the question of whether defense counsel had denied the defendant the opportunity to testify in his own defense, the district court could properly conclude that "the testimony of [the petitioner] and his trial counsel would add little or nothing to the written submissions." 250 F.3d at 86. Chang found this particularly true because the petitioner relied "solely on his own highly self-serving and improbable assertions," and the petitioner's counsel gave a "detailed description of events [that] was eminently credible." Id.

The situation here is analogous in many ways to that in Chang. Garcia has said only in the most conclusory terms that he instructed his counsel to file a notice of appeal. See Petition at 5. He does not give the dates or locations of any conversations with Nooter. Nor does he

9

detail the content or nature of such conversations – including, for example, why he thought he would have the right to appeal given the fact that he had just waived any such right. He does not explain on what grounds he would have expected his attorney to have appealed. See generally Shef v. United States, 2007 WL 812104, at *5 (E.D.N.Y. Mar. 14, 2007) (declining to credit petitioner's contention that he requested that a notice of appeal be filed where petitioner did not state "which of his two attorneys he asked to file a notice of appeal, the time and means that he communicated this request, and the grounds on which he planned to appeal"). He does not provide any contemporaneous documents making the request or documents after the deadline for filing an appeal that reflect his complaints about Nooter's failure to file the notice. Moreover, unlike the situation of a trial, here there is a plea agreement that specifically waives the right to appeal, providing further evidence that Garcia would not have had any reason to ask Nooter to file an appeal. See, e.g., Sarroca v. United States, 250 F.3d 785, 788 (2d Cir. 2001) ("the fact that [defendant] pleaded [guilty] may be considered as another factor indicating that [the defendant] sought an end to the judicial proceedings"); Benvenuto v. United States, 2001 WL 1590515, at *5 (E.D.N.Y. Nov. 7, 2001) ("the fact that [the defendant] knowingly and voluntarily waived his right to appeal as part of the plea agreement further supports [defense counsel's] contention that the issue of appeal was never discussed").

While Nooter's account consists only of circumstantial evidence reflecting that Garcia did not ask him to appeal, it is far more cogent than Garcia's conclusory statement. Given that Nooter's "description of events [is] eminently credible," Chang, 250 F.3d at 86, there is no reason to hold an evidentiary hearing on this matter, and the Court should find that there was no request to file a notice of appeal. Courts faced with similar circumstances – an assertion by a

10

petitioner that he requested his attorney to file a notice of appeal and an attorney affidavit containing circumstantial evidence contradicting this assertion – have similarly denied habeas petitions without an evidentiary hearing. See, e.g., Lebron v. United States, 2007 WL 1159646, at *4 (S.D.N.Y. Apr. 18, 2007); Salas-Soto v. United States, 2004 WL 63494, at *3-4 (S.D.N.Y. Jan. 13, 2004).

Conclusion

For the foregoing reasons, Garcia's petition should be denied.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Richard M. Berman, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Berman. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: March 14, 2008
      New York, New York

                                                        _____
                                                        GABRIEL W. GORENSTEIN
                                                        United States Magistrate Judge

Copies sent to:

Galo Garcia
# 50833-054,
M.V.C.C., A-6,
555-I Cornell Drive
Philipsburg, PA, 16866

Edward C. O'Callaghan
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007

Hon. Richard M. Berman
United States District Judge

petitioner that he requested his attorney to file a notice of appeal and an attorney affidavit containing circumstantial evidence contradicting this assertion – have similarly denied habeas petitions without an evidentiary hearing. See, e.g., Lebron v. United States, 2007 WL 1159646, at *4 (S.D.N.Y. Apr. 18, 2007); Salas-Soto v. United States, 2004 WL 63494, at *3-4 (S.D.N.Y. Jan. 13, 2004).

Conclusion

For the foregoing reasons, Garcia's petition should be denied.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Richard M. Berman, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Berman. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: March 14, 2008
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge